

FILED
2014 Jul-15 AM 08:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **ANNCERELLA KING,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | **5:12-cv-2957-AKK** |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Plaintiff Anncerella King ("King") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence. Therefore, for the reasons elaborated herein, the court will affirm the decision denying benefits.

### I.  Procedural History

King, whose past relevant experience includes work as a customer complaint clerk and semi-conductor assembler, filed an application for Title II disability insurance benefits and Title XVI Supplemental Security Income on November 3, 2009, alleging a disability onset date of July 26, 2009, due to an ankle fracture, migraine headaches, and

high blood pressure.  (R. 16, 171).  After the SSA denied King's claim, she requested a hearing before an ALJ.  (R. 77-78).  The ALJ subsequently denied King's claim, (R. 13-31), which became the final decision of the Commissioner when the Appeals Council refused to grant review.  (R. 1-6).  King then filed this action for judicial review pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g).  Doc. 1.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *See* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. § 405(g) mandates that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence."  *See id*.  (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).  Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted).  If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if

the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)-(f)).  "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

## IV.  The ALJ's Decision

In performing the five step analysis, the ALJ found that King had not engaged in substantial gainful activity since July 26, 2009, and, therefore, met Step One.  (R. 18). Next, the ALJ found that King satisfied Step Two because she suffered from the severe impairments of "status post right malleolar fracture and open reduction and internal fixation (ORIF), right ankle osteopenia, hypertension, morbid obesity, diverticulosis and migraine headaches ." *Id*.  The ALJ then proceeded to the next step and found that King failed to satisfy Step Three because she "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." *Id*.  Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four where he determined that King has the residual functional capacity (RFC) "to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a)."  (R. 19).  In light of her RFC, the ALJ held that King "is capable of performing past relevant work as a customer complaint clerk

and semi-conductor assembler." (R. 30). Therefore, the ALJ found that King "has not been under a disability, as defined in the Social Security Act, from July 26, 2009, through the date of this decision." (R. 31).

## V.  Analysis

The court now turns to King's contentions that the ALJ erred by failing to (1) provide a detailed function by function analysis in his RFC finding; and (2) properly develop the record by ordering a consultative examination or utilizing a medical expert. *See* doc. 9 at 5-8.  The court addresses each contention in turn.

### A.     Function by Function Analysis

King contends that "SSR 96-8p requires a function by function analysis of exertional, postural, manipulative capabilities and any environmental restrictions," and that "[t]he ALJ provided no detail whatsoever in his RFC."  Doc. 9 at 6.  The ALJ determined King has the RFC to perform the full range of sedentary work as defined in the regulations.  The pertinent regulation defines sedentary work as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a), 416.967(a).  King suggests only one functional restriction not encompassed by this definition, which is that "[t]he ALJ gave no consideration to the possibility that sitting itself in the context of work activity may be strenuous for an obese

individual." Doc. 9 at 7. Unfortunately, King failed to allege any limitation in her ability to sit caused by obesity either at the time of her application for disability, (R. 171), or at her ALJ hearing. (R. 36-57). In fact, King indicated on her Function Report that her condition did not affect her ability to sit. (R. 158). Therefore, the ALJ was under no obligation to investigate or consider limitations in King's ability to sit due to obesity. *Street v. Barnhart*, 133 F. App'x 621, 627 (11th Cir. 2005) (unpublished) (observing that an ALJ is not required to investigate allegations "not presented at the time of the application for benefits and not offered at the hearing as a basis for disability") (quoting *Pena v. Chater*, 76 F.3d 906, 909 (8th Cir. 1996)). Because King did not allege any restrictions in her ability to sit due to obesity at the administrative level, the ALJ committed no error in failing to consider the possibility of such restrictions in his decision.

  Moreover, King's suggestion of a "possibility" that she has a limitation is insufficient to warrant a remand. Before remanding for further development of the record, a reviewing court must consider "whether the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.'" *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir.1982) (quoting *Ware v. Schweiker*, 651 F.2d 408, 413 (5th Cir. Unit A July 1981). Therefore, "although the ALJ has a duty to develop a full and fair record, there must be a showing of prejudice before [a reviewing court] will remand for further development of the record." *Robinson v. Astrue*, 365 F. App'x 993, 995 (11th Cir. 2010) (unpublished) (citing *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995). Significantly,

King "bears the burden of proving that [s]he is disabled, and, consequently, [s]he is responsible for producing evidence in support of h[er] claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). Because King has failed to point to any evidence showing she actually has functional limitations in her ability to sit caused by her obesity, she has failed to meet her burden of showing the necessary prejudice to warrant a remand.

      B.    <u>The Failure to Order a Consultative Examination or Utilize a Medical Expert</u>

King's final contention is that the ALJ erred by not ordering a consultative examination to obtain a medical source opinion, or utilizing a medical expert to derive a meaningful RFC assessment. Doc. 9 at 8. According to King,

> While there is no express requirement for a medical source opinion (MSO) or RFC assessment to be of record in order for the ALJ to make RFC findings, the ALJ is required to review and accord weight to medical opinion, and as a practical matter, to avoid substituting his or her judgment for that of a physician, an MSO of some kind is crucial to the analysis of functioning based on the medically determinable impairments (MDI) determined.

Doc. 9 at 7. However, King overlooks that the regulations and the law of this circuit do not impose such a requirement. Rather, the pertinent regulation provides that opinions on issues reserved to the Commissioner, such as a claimant's RFC, are not medical opinions:

> Opinions on some issues, such as the examples that follow, are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability.

20 C.F.R. §§ 404.1527(d), 416.927(d). One of the specifically reserved examples is a claimant's RFC: "Although we consider opinions from medical sources on issues such as

7

. . . your residual functional capacity . . . the final responsibility for deciding these issues is reserved to the Commissioner." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Consequently, the Eleventh Circuit has recognized that "the task of determining a claimant's residual functional capacity and ability to work is within the province of the ALJ, not of doctors." *Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010) (unpublished). Moreover, an ALJ's RFC finding can be supported by substantial evidence even without a medical source statement in the record. *See Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 922-23 (11th Cir. 2007) (unpublished) (rejected the claimant's argument "that without [the physician's] opinion, there [was] nothing in the record" to support the ALJ's RFC assessment).

Here, the ALJ properly relied on King's extensive treatment records, and other evidence to assess her RFC. For example, the ALJ noted that exams during emergency room visits in 2010 and 2011 "do not reflect the claimant ever mentioned right ankle and foot symptoms and none were observed in those exams," (R. 28), and that "there is no evidence she sought treatment from any source for her right foot complaints after she last saw her orthopedist in October 2009." (R. 29). Regarding King's migraine headaches, the ALJ considered the extensive medical evidence, and concluded:

> The records overall indicate the claimant has headaches, but they also reveal she has not been compliant with prescribed treatment or regular follow-up visits with her neurologist. There is no evidence the claimant's headaches cannot be well controlled if she were compliant with prescribed treatment. Her headaches do not limit her activities to the extent that she is disabled and headaches did not cause her to stop working. No treating or consulting doctor assessed the claimant is disabled due to headaches.

(R. 27).

Because sufficient medical evidence existed to allow the ALJ to assess King's RFC and determine whether she was disabled, the record was complete. *See* 20 C.F.R. § 404.1513(e). Consequently, no additional development was required, and the ALJ committed no reversible error by failing to order a consultative examination or utilize a medical expert.

### VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that King is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**. A separate order in accordance with the memorandum of decision will be entered.

DONE this 15th day of July, 2014.

					*/s/ Abdul Kallon*
					**ABDUL K. KALLON**
					UNITED STATES DISTRICT JUDGE